```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


GLADYS PETERSON and CHARLES     )
PETERSON,                       )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Case No. 2:03 CV 319
                                )
                                )
NASIR FARRAKHAN and LUIS        )
FARRAKHAN,                      )
                                )
          Defendants            )
```

OPINION and ORDER

This matter is before the court on the Motion for Protective Order filed by the defendant, Luis Farrakhan, on June 6, 2005 and the Motion to Stay Deposition filed by Farrakhan on June 6, 2005. For the following reasons, the motion for protective order is **DENIED**, and the motion to stay is **DENIED**.

Background

A summary of the ongoing jurisdictional dispute in this case is necessary background to the discovery motions at bar. On July 3, 2003, the plaintiffs, Gladys and Charles Peterson, filed suit against Nasir Farrakhan and his father, Luis Farrakhan, for injuries the Petersons sustained in a vehicle collision with Nasir. The Petersons also alleged a count of negligent entrustment against Luis Farrakhan, who owned the vehicle Nasir was driving when the accident occurred.

Subsequently, Luis Farrakhan filed three motions to dismiss for lack of personal jurisdiction, all of which have been denied

1

by the district court. In response to the first motion to dismiss, the district court held that

> the exercise of jurisdiction over Defendant Luis Farrakhan is proper under Indiana's Trial Rule 4.4(A) and federal due process. Of course, if discovery reveals that Mr. Farrakhan did not have any knowledge that his son would drive his vehicle in Indiana, Mr. Farrakhan is free to raise the issue again.
>
> December 23, 2003 Order, pg. 8.

Consequently, on March 17, 2004, Luis Farrakhan filed his second motion to dismiss. Once again, the district court denied Farrakhan's motion with leave to refile, pending settlement discussions.

On May 28, 2004, the plaintiffs filed a motion to compel Farrakhan's deposition so that personal jurisdiction might finally be ascertained.  Following briefing by both parties, this court ordered the deposition on July 13, 2004.  Undeterred, Farrakhan appealed the July 13, 2004 Order to the district court. Characterizing Farrakhan's behavior as "obdurate," the district court upheld this court's ruling in full.  *See* May 3, 2005 Order.

Prior to the district court's disposition of the motion to compel, Farrakhan filed a third motion to dismiss based on his affidavit that he had no knowledge of his son's actions.  In denying this motion, the district court reiterated its position on the first motion to dismiss, this court's opinion on the motion to compel, and the district court's decision on the objections stated by Farrakhan to this court's order on the motion to compel: That discovery was necessary to determine

2

personal jurisdiction on the question of whether Farrakhan "reasonably should have known that Nasir would drive his vehicle in Indiana on the date of the accident." *See* May 5, 2005 Order.

After two years of delay caused by Farrakhan's unwillingness to be deposed on the issue of personal jurisdiction, the plaintiffs duly noticed Farrakhan's deposition for June 19, 2005 in the federal courthouse in Hammond, Indiana.  Now, Farrakhan seeks to stay the deposition until the court can rule on his motion for a protective order limiting the scope of that deposition.  In addition, Farrakhan seeks to limit the scope of the deposition "solely to the issue of personal jurisdiction," and to have the deposition limited to a written format, or alternatively, to move the deposition to Farrakhan's offices in Illinois.

## Discussion

Farrakhan seeks a protective order under Federal Rule of Civil Procedure 26(c)(4), which states that the court may order that "certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters," in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. After two years of stonewalling court-ordered efforts to determine jurisdiction over Farrakhan, he now circuitously argues that a protective order must be entered limiting the deposition to the issue of personal jurisdiction because he is otherwise in danger of being subject to a "fishing expedition" for evidence.

Farrakhan does not provide an explanation of what he considers to be the scope of the "personal jurisdiction" inquiry, other than to suggest that the "substantive area of the case" is off-limits. *See* Motion for Protective Order, pg. 5. In other words, Farrakhan appears to be arguing that the minimum contacts analysis that the district court determined must be applied to the question of personal jurisdiction excludes all inquiry into negligent entrustment.  *See* December 23, 2003 Order. Because the district court expressly has rejected this argument, this court again rejects Farrakhan's theory under the law of the case doctrine. **Tice v. American Airlines, Inc.**, 373 F.3d 851, 853 (7th Cir. 2004) (*citing* **Pilch v. Ashcroft**, 353 F.3d 585 (7th Cir. 2003)); **Alphamed, Inc. v. B. Braun Medical, Inc.**, 367 F.3d 1280, 1285-86 (4th Cir. 2004)*;* **United States v. Noble**, 299 F.3d 907, 910 (7th Cir. 2002).

On December 23, 2003, the district court determined that the issue of negligent entrustment is relevant to a determination of personal jurisdiction under the minimum contacts analysis. According to the district court:

> While it is clear from the Court's research and the parties' submissions, that neither the Seventh Circuit nor any court of Indiana has yet weighed in on the question of whether entrusting a vehicle that is driven into a neighboring state is a sufficient minimum contact in that state to satisfy due process concerns, courts in other jurisdictions have. *See, e.g.,* **Tavoularis v. Womer**, 462 A.2d 110 (N.H. 1983)("The fact that the injury occurred in New Hampshire was not fortuitous, because [defendant] specifically authorized [co-defendant] to drive in New Hampshire."); **Hart v. Bates**, 897 F. Supp. 710 (E.D.N.Y.

4

> 1995)("The entrusting of the allegedly defective vehicle by Bates to his son with knowledge that the vehicle would be used extensively in Pennsylvania was sufficient to satisfy the constitutional 'minimum contacts' requirement."); *Stevenson v. Brosdal*, 813 So.2d 1046 (Fla. App. 2002)("Appellant's consent to the operation of his vehicle in Florida takes this case out of the realm of mere foreseeability and into the realm of sufficient minimum contacts."). In each of these cases, the defendant knew his or her vehicle could be driven in the state where the injuries took place and jurisdiction was sought. These courts reasoned that the knowledge of where a vehicle was to be driven took the exercise of jurisdiction from the realm of the fortuitous and into the realm of the defendant being able to reasonably anticipate being haled into court in the state where the vehicle was driven. The Court finds the reasoning of these cases persuasive in that the knowledge that a car entrusted to another would be driven in [sic] state of Indiana is sufficient to establish minimum contacts with Indiana for any injuries resulting from that car being driven in Indiana.

December 23, 2003 Order, pgs. 6-7.

The time for objecting to the district court's ruling has expired. For these reasons, a protective order blocking inquiry into issue of negligent entrustment is inappropriate in this case.

In addition, the court notes that the affidavit on which Farrakhan repeatedly has relied to argue that the court lacks personal jurisdiction states that Farrakhan "had no knowledge that [his] son, Nasir H. Farrakhan, was in possession of [his] vehicle or that [Nasir] would use [his] vehicle in the State of Indiana on May 10, 2003." Luis Farrakhan Affid. ¶ 14. The court can see no reason why the plaintiffs cannot inquire into

5

negligent entrustment when Farrakhan himself defends against personal jurisdiction on the merits of the case.

Next, Farrakhan argues that the court should limit the method of discovery to a deposition upon written questions or written interrogatories pursuant to Rule 26(c)(3).  On July 13, 2004, this court ordered the <u>deposition</u> of Farrakhan. The district court upheld this court's order on May 3, 2005. Accordingly, Farrakhan's request for discovery through interrogatories is denied.

Nevertheless, Farrakhan argues that the court should limit the method of discovery to a deposition by written questions because the "enormous demands on his time" make him like a "high-level corporate executive." *See* Mot. for Prot. Order, pg. 5-6. He further argues that courts will limit discovery to "less intrusive means" for corporate executives who have no knowledge of the facts. <u>See</u> Mot. for Prot. Order, pg. 5-6.  In support of this argument, Farrakhan cites **Baine v. General Motors Corporation**, 141 F.R.D.332 (M.D. Ala. 1991). In **Baine**, the defendant corporation moved to quash the deposition of its vice president, who had written a memorandum on his observations regarding the prototype of a restraint system that was the subject of the lawsuit. In granting the motion to quash, the **Baine** court noted that the plaintiff had not established that the information sought was unavailable from other lower-ranked employees or that the vice president had superior or unique knowledge of the facts. *See* 141 F.R.D. at 335.

6

In addition to being outside the relevant jurisdiction, *Baine* is totally inapplicable to this case.  This suit is not against Farrakhan's ministry.  Farrakhan is not a defendant, or even a witness, in his capacity as an executive or minister.  Rather, he is a defendant based on his relationship as a father who allegedly negligently entrusted his vehicle to his son. While Farrakhan may have a busy schedule, his other commitments do not exempt him from the obligation to submit to the usual methods of discovery in a lawsuit brought against him personally on issues to which his personal knowledge is central.

Farrakhan's argument that an oral deposition would be annoying, harassing, or unduly burdensome does not merit discussion.  It is Farrakhan's own obduracy which has required the plaintiffs to brief three motions to dismiss and one motion to compel over a two year period, throughout all of which the District Court consistently has held that discovery is necessary.

Finally, Farrakhan argues that if he must submit to oral deposition, he should be deposed at his offices in Illinois. As a general rule, "a plaintiff may be required to attend a deposition in the district where the case was filed, but a defendant may insist upon being deposed in the district where he resides." *Undraitis v. Luka*, 145 F.R.D. 675, 676 (N.D. Ind. 1992). Accordingly, the court finds that Farrakhan's deposition shall take place in the district in which he resides.  However, the court notes that the rule stated in *Undraitis* does not obligate the parties to conduct the deposition at Farrakhan's offices in

7

Illinois. Rather, the parties shall find a mutually agreeable location for the deposition.

For the foregoing reasons, the Motion for Protective Order filed by the defendant, Luis Farrakhan, on June 6, 2005 is **DENIED** and the Motion to Stay Deposition filed by Farrakhan on June 6, 2005 is **DENIED**. The defendant Luis Farrakhan is **WARNED** that further attempts to delay or obstruct his deposition will result in sanctions.

ENTERED this 7 June, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge