```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


GLADYS PETERSON, CHARLES      )
PETERSON,                     )
                              )
          Plaintiffs          )
                              )
     v.                       )    Case No. 2:03 cv 319
                              )
NASIR H. FARRAKHAN, LUIS      )
FARRAKHAN,                    )
                              )
          Defendants          )
```

ORDER AND OPINION

This matter is before the court on the Motion to Compel Discovery and Sanctions Against Defendant Nasir Farrakhan filed by the plaintiffs, Gladys and Charles Peterson, on June 23, 2005, and the Motion for Sanctions and Contempt Against Nasir Farrakhan filed by the Petersons on August 19, 2005.  For the reasons set forth below, these motions are **GRANTED IN PART** and **DENIED IN PART**.

Background

This discovery dispute is best framed within the larger discovery process in this case, which has been laborious from the start.  In July 2003, Gladys and Charles Peterson filed suit against Nasir Farrakhan and his father, Luis Farrakhan, for injuries the Petersons sustained in a vehicle collision with Nasir.  Luis Farrakhan has filed multiple motions to dismiss, the fourth of which is pending before the District Court.  After what has been characterized by both the district court and this court as Luis' obdurate efforts to stonewall discovery, this court finally warned Luis that any further attempts to delay or ob-

struct his deposition on the question of personal jurisdiction would be met with sanctions.  Simultaneously with the discovery dispute pertaining to Luis, this dispute regarding Nasir's deposition was developing.  Nasir's conduct with respect to his deposition and discovery responses forms the basis for the present motions for sanctions.

At some point before April 2005, the plaintiffs requested Nasir's official driving record from the Illinois Department of Motor Vehicles through a Request for Production.  On April 25, 2005, Shelice Robinson, counsel for Nasir, provided an unofficial copy of his Illinois records from an unrelated company.  On May 25, 2005, Robinson informed the plaintiffs that Nasir was still waiting on the official Illinois records and would provide them to the plaintiffs as soon as they arrived.

On May 13, 2005, the plaintiffs noticed Nasir's deposition for June 22, 2005.  On May 31, 2005, Robinson notified the plaintiffs' counsel, Michael Back, that Nasir would be out of the country on June 22.  Back agreed to continue the deposition only on the condition that Robinson obtain a new confirmed date that worked for both counsel for Luis Farrakhan and the court (the parties intended to conduct the deposition at the courthouse).

On June 9, 2005, the plaintiffs served Nasir with a subpoena duces tecum for the deposition.  Request #2 of the attached rider sought Nasir's employment records, to which he responded that he had no employment records or sources of income.  Request #3 sought "any and all documents reflecting any representation by

any attorney or attorneys of Nasir Farrakhan for any purpose relating to any traffic and/or driving and/or drivers license matters during calendar years 2000, 2001, 2002, 2003, 2004, and 2005." Request #4 further asked Nasir to produce "any and all documents reflecting any representation by any attorney or attorneys of Nasir Farrakhan for any purpose relating to any legal matter" during the same calendar years.

On June 15, 2005, Robinson again informed Back that Nasir was not available on the 22nd, and she suggested July 6 or 7, 2005, although these dates were unconfirmed with Nasir. Back states that later discussions between counsel determined that neither date would have worked for Nasir. Despite the conflict with his calendar, Nasir did not move for a protective order blocking the deposition.

On June 22, 2005, counsel for all parties appeared at the scheduled deposition of Nasir Farrakhan for which Nasir did not appear. In making a record of the deposition, Robinson represented to the other counsel that Nasir was in Africa. All counsel also agreed on July 18, 2005 for Nasir's rescheduled deposition.

On June 24, 2005, this court held a status conference in which Back raised the issues of the outstanding Illinois driving records and subpoena duces tecum. During that conference, the court ordered Nasir to respond to all outstanding discovery by July 1, 2005, and to appear on July 18, 2005, for his deposition.

3

On July 11, 2005, Nasir still had not responded to the subpoena duces tecum or provided his official Illinois driving record. After a reminder from Attorney Back, Robinson forwarded responses to the subpoena on July 12, 2005. In his responses, Nasir objected to the plaintiffs' request #3 and #4 on the basis of attorney-client privilege and relevancy, and he declined to answer either request.

On July 18, 2005, Nasir finally appeared for his deposition at which point the plaintiffs learned that he was in St. Kitts, an island in the Caribbean, rather than in Africa as his counsel had stated. He also stated that he received a "charity" from Luis in the form of checks and cash in return for his services to his father. However, he has not produced any documentation of these checks as evidence of his employment.

Based on this history, the plaintiffs' first motion for sanctions seeks full and complete responses to the subpoena duces tecum, an affidavit and supporting documentation from Nasir regarding the timing, reasons, and travel arrangements for his trip to St. Kitts, reimbursement of the court reporter fees and transcription expenses related to the June 22, 2005 deposition, and reimbursement of Attorney Back's time spent preparing for, traveling to and from, and conferences with opposing counsel regarding that deposition and the first motion for sanctions, as well as reimbursement of the time Back spent researching available flights to and from Africa. In the second motion for sanctions, Back also seeks a court order requiring Nasir to

4

obtain and provide a certified copy of his Illinois driving records, to provide records of income received, as well as attorneys' fees and costs.

## Discussion

The Federal Rules of Civil Procedure establish guidelines for discovery including the methods and timing of objections to discovery requests.  *See* Rule 26(c) (protective orders); Rule 30(d) (motion to terminate or limit the scope of oral depositions); Rule 34(b) (objections to requests for production); Rule 45(c) (protection of persons subject to subpoenas).  In addition, it is firmly established in this Circuit that a party who fails to timely respond to discovery requests waives his objections thereto.  ***Spilotro v. United States***, No. 72-1740, 1973 WL 21496, at *2 (7th Cir. 1973); ***Hobley v. Chicago Police Commander Burge***, No. 03 C 3678, 2003 WL 22682362, at *4 (N.D. Ill. 2003).  Moreover, Rule 26 states that if a party refuses to produce certain documents or information on the basis of privilege, "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  *See* Rule 26(b)(5).  Failure to produce this privilege log or produce it with the requisite specificity is grounds for waiver also.  ***Ritacca v. Abbot Laboratories***, 203 F.R.D. 332, 336 (N.D. Ill. 2001).

At no point has Nasir Farrakhan filed a motion for a protective order with respect to either the deposition or discovery propounded on him, an objection to the subpoena duces tecum, or a privilege log.  Long after the date for responding to requests for production, and after counsel for Nasir affirmatively stated, in writing, that Nasir would provide his official Illinois driving records, Nasir now argues that the plaintiffs should obtain the records on their own because they are a matter of public record.  He makes the same argument with respect to his prior litigation record.  Upon reminder from the plaintiffs and nearly two weeks after this court *ordered* Nasir to respond to all outstanding discovery that already was the subject of a June 24, 2005 conference with this court, Nasir submitted answers to the subpoena that were replete with objections.  Finally, as a result of Nasir's simple failure to appear at his deposition without any formal objection that would provide the plaintiffs with an opportunity to dispute the merits of his refusal, counsel for the plaintiffs and both defendants expended time and resources appearing and making a record regarding the failed deposition on June 22, 2005.

While Nasir may have objected to the date of his first deposition and the discovery propounded to him, these objections do not entitle him to ignore the discovery procedures set forth by the Federal Rules of Civil Procedure and enforced by this court.  Furthermore, because the deadlines for responding to requests for production and the subpoena duces tecum have ex-

6

pired, Nasir may not now assert objections to the information requested.  However, the affidavit and supporting documentation which the plaintiffs seek regarding Nasir's trip to St. Kitts do not appear reasonably calculated to lead to the discovery of admissible evidence.  While it is unfortunate that Nasir or his counsel misrepresented the location to which he traveled, the travel itself is not relevant to this tort case.  In addition, Nasir's financial standing is relevant only to the collection of any judgment that might be awarded in this case, and not to the merits of the plaintiffs' claims.  Accordingly, his financial records are not relevant at this time.  However, the court finds that the remaining relief requested by the plaintiffs, including attorney's fees and costs, is warranted.  If Nasir objects to the methods or timing of future discovery, he must submit this objection to the court by filing the appropriate motion as indicated in the federal rules.

The court further directs both parties to Local Rule 5.1(a), addressing the proper formatting for briefs to this court.

_____

For the foregoing reasons, the Motion to Compel Discovery and Sanctions Against Defendant Nasir Farrakhan filed by the plaintiffs, Gladys and Charles Peterson, on June 23, 2005 is **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Sanctions and Contempt Against Nasir Farrakhan filed by the Petersons on August 19, 2005 is **GRANTED IN PART** and **DENIED IN PART.**  The defendant, Nasir Farrakhan, is **ORDERED** to respond fully to the

7

subpoena duces tecum within 10 days of this Order.  ALL OBJECTIONS to this subpoena ARE WAIVED except with respect to the financial records sought by Request #3.  Nasir Farrakhan is further **ORDERED** to reimburse the plaintiffs with respect to the following expenses:

1) court reporter and transcription expenses related to the June 22, 2005 deposition;

2) the plaintiffs' attorney's fees and costs expended for preparing for, conferring with counsel on, and traveling to and from the June 22, 2005 deposition; and

3) the plaintiffs' attorney's fees and costs associated with bringing the first and second motions for sanctions.

The plaintiffs are **ORDERED** to file an affidavit of these fees and costs within 10 days of this Order.

The defendants are further **ORDERED** to obtain and provide a certified copy of Nasir Farrakhan's official Illinois driving records to the plaintiffs within 10 days of this Order.

ENTERED this 5th day of October, 2005


                                    s/ ANDREW P. RODOVICH
                                    United States Magistrate Judge