```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION

GLADYS PETERSON, CHARLES      )
PETERSON,                     )
                              )
          Plaintiffs          )
                              )
     v.                       )   Case No. 2:03 cv 319
                              )
NASIR H. FARRAKHAN, LUIS      )
FARRAKHAN,                    )
                              )
          Defendants          )
```

ORDER AND OPINION

This matter is before the court on the Motion to Compel Defendant Luis Farrakhan to Answer Discovery Desposition [sic] Questions filed by the plaintiffs, Gladys and Charles Peterson, on October 31, 2005; the Motion to Compel Discovery and Sanctions Against Minister Farrakhan and Nasir Farrakhan filed by the Petersons on November 7, 2005; and the Motion for a Protective Order in Opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions filed by the defendant, Luis Farrakhan, on November 21, 2005.  For the reasons set forth below, the motion to compel deposition answers is **GRANTED**, the motion to compel discovery and sanctions in **GRANTED IN PART** and **DENIED IN PART**, and the motion for protective order is **DENIED**.

Background

These discovery motions are a continuation of the larger, ongoing discovery dispute between the parties in this vehicle collision case.  After the district court indicated that discovery may be had on the subject of personal jurisdiction over defendant Luis Farrakhan, this court had to compel Luis' deposi-

tion before he would agree to be deposed on the issue. Undeterred, Luis filed an objection to this court's decision, which the district court denied in full on May 3, 2005.

After the district court's order, Luis filed a motion for a protective order and a motion to stay his deposition pending resolution of that motion. In the motion for a protective order, he attempted to limit the deposition "solely to the issue of personal jurisdiction," suggesting that the issue of negligent entrustment was beyond the scope of discovery. (June 7, 2005 Order p. 3) He also sought a deposition by written questions rather than the in-person deposition compelled by the court. On June 7, 2005, this court rejected the defendant's contentions, ordered the deposition, and denied the motion to stay.

## Discussion

### A. Motion to Compel Deposition Answers

In the Motion to Compel now before this court, the plaintiffs indicate that during his deposition, Luis refused to answer the following questions: (1) "In that sense then could we agree then that you do business as a religious organization in Indiana sir?" (2) I'm sorry, Minister Farrakhan, Nasir had to drive the vehicle off your property and pass your security guards. How was he able to do that if he didn't have your permission?" Luis responds that these questions are beyond the scope of the district court's orders, including the May 5, 2005 Order fully endorsing this court's opinion that negligent entrustment was an available line of inquiry during his deposition.

2

On June 7, 2005, this court warned Luis Farrakhan that further attempts to delay or obstruct his deposition would result in sanctions. The first question to which he objected plainly addresses general concepts of personal jurisdiction. The second question contemplates negligent entrustment. By characterizing these questions as exceeding the scope of the district court's orders, Luis essentially repeats his prior argument pertaining to the scope of the deposition. This argument was rejected by this court in a decision upheld by the district court. Consistent with this court's previous warning, sanctions are hereby imposed against Luis Farrakhan as set forth below.

**B.   Motion for a Protective Order**

On October 28, 2005, the plaintiffs issued a request to enter upon the land of Luis Farrakhan in order to inspect and photograph the property, the gates, the storage facility from which Nasir took the vehicle involved in the accident, and security apparatus such as videotapes from the relevant time. Counsel for Luis Farrakhan received this request on November 3, 2005, one day before plaintiffs' counsel had scheduled the entry to occur. On November 7, 2005, the plaintiffs filed a motion to compel this discovery.

Plaintiffs' counsel improperly sought to compel entry onto Luis Farrakhan's property prior to the 30 days permitted for objection under Federal rule of Civil Procedure 34(b) and without any Local Rule 37.1 certification.

However, Luis also objects to the request on substantive grounds, arguing that the inspection exceeds the scope of personal jurisdiction. The court finds that the plaintiffs' request to enter is reasonably calculated to lead to admissible evidence pertaining to the plaintiffs' negligent entrustment claim. As this court stated in its June 7, 2005 Order, the issue of negligent entrustment is relevant to the personal jurisdiction analysis in this case, particularly because Luis defends against jurisdiction on the theory that he had no knowledge that Nasir took the vehicle. As such, Luis' "scope" argument, which is the same that he asserts in objection to the deposition questions discussed above, is rejected. The defendant, Luis Farrakhan, is ordered to permit the discovery.

Nevertheless, the plaintiffs are warned that failure to comply with the time limits and discovery dispute-resolution procedures set forth in the Federal Rules of Civil Procedure and Local Rule 37.1 will result in denial of subsequent discovery motions.

### C. Motion to Compel Discovery and Sanctions

As a preliminary matter, the court notes that while the plaintiffs seek sanctions against both Luis and Nasir Farrakhan, several of the discovery requests pertaining to the plaintiffs' motion were directed only at Luis Farrakhan. Thus, the court declines to consider the plaintiffs' motion on the issues of (1) the request for entry upon land and (2) the request for the

4

identities and deposition dates of the guards insofar as the motion seeks to compel or sanction Nasir.

Turning to the merits of the motion, the court already has ordered the defendant Luis Farrakhan to submit to the plaintiffs' motion for entry upon land. Accordingly, this portion of the motion to compel is granted.

With the exception of one sentence briefly referencing the plaintiffs' request for the identity of guards, Luis Farrakhan does not address the plaintiffs' motion to compel this discovery. Local Rule 7.1(a) states that failure to respond to a motion subjects it to summary ruling. On this basis, the court grants the plaintiffs' motion to compel the identity of guards and deposition dates. However, the court further notes that this discovery pertains to Luis Farrakhan's knowledge, or the knowledge of his agents, and so would be discoverable in any event.

Third, the parties dispute the timing of a deposition for Dr. Shenker, the defendants' independent medical examiner. Essentially, plaintiffs' counsel failed to secure December 14, 2005, which was a date mutually agreeable to all parties and Dr. Shenker, for the physician's deposition. However, counsel for Nasir Farrakhan will not agree to the deposition occurring after the December 30, 2005 discovery deadline and is unavailable for the December 27, 2005 date for which the plaintiffs ultimately scheduled the deposition.

This dispute can be resolved by an extension of time. The parties shall take the deposition of Dr. Shenker by January 31,

5

2006.  The parties also shall have until that date to conduct any depositions pertaining to the guards at the Farrakhan farm, from which Nasir took the vehicle involved in the accident.

Finally, the plaintiffs' motion to compel the defendants to provide an independent medical examination report that complies with Federal Rule of Civil Procedure 26(a)(2)(B) is denied as moot.  Under Rule 26, the plaintiffs had until November 23, 2005 to correct the report, which Nasir has indicated he would do.  The plaintiffs' attempt to shorten this response time is not well taken.  Once again, the plaintiffs are warned that attempts to circumvent the time limits proscribed by the Federal Rules will be denied *instanter*.

_____

For the foregoing reasons, the Motion to Compel Defendant Luis Farrakhan to Answer Discovery Desposition [sic] Questions filed by the plaintiffs, Gladys and Charles Peterson, on October 31, 2005 is **GRANTED**.  The defendant, Luis Farrakhan, is **ORDERED** to submit to a Federal Rule of Civil Procedure 30 deposition to answer the two questions avoided at his previous deposition.  Luis Farrakhan further is **ORDERED** to pay the attorney fees and costs associated with the filing of the plaintiffs' motion to compel his deposition responses, the renewed deposition, and court reporter fees associated with the renewed deposition.  Counsel for the plaintiffs is **ORDERED** to file an affidavit of fees and costs by February 11, 2005.

6

The Motion to Compel Discovery and Sanctions Against Minister Farrakhan and Nasir Farrakhan filed by the Petersons on November 7, 2005 is **GRANTED IN PART** and **DENIED IN PART**. The defendant, Luis Farrakhan, is **ORDERED** to submit to the request for entry propounded by the plaintiffs and to provide the names of the security guards working on the day Nasir removed the vehicle from the Farrakhan farm. The parties are **ORDERED** to find mutually agreeable dates for any depositions of these security guards, and of Dr. Shenker, by January 31, 2006.

The Motion for a Protective Order in Opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions filed by the defendant, Luis Farrakhan, on November 21, 2005 is **DENIED.**

ENTERED this 21st day of December, 2005

                                s/ANDREW P. RODOVICH
                                   United States Magistrate Judge