```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
         HAMMOND DIVISION
```

GLADYS PETERSON, CHARLES )
PETERSON, )
                              )
        Plaintiffs     )
                              )
     v.               )   Case No. 2:03 cv 319
                              )
NASIR H. FARRAKHAN, LUIS )
FARRAKHAN, )
                              )
        Defendants    )

<u>ORDER AND OPINION</u>

This matter is before the court on the Request for Attorney's Fees and Expenses Pursuant to Court Order of December 21, 2005, filed by the plaintiffs, Charles and Gladys Peterson, on June 7, 2006. For the following reasons, this motion is **GRANTED IN PART** and **DENIED IN PART**.

<u>Background</u>

On December 21, 2005, this court sanctioned defendant Luis Farrakhan in response to his extremely obdurate behavior during discovery. Specifically, this court ordered Farrakhan to pay the attorney fees and costs associated with 1) the filing of the plaintiffs' latest motion to compel his deposition responses, 2) the renewed deposition, and 3) court reporter fees associated with the renewed deposition. The plaintiffs' counsel was ordered to file an affidavit of fees and costs by February 11, 2005.

Consistent with his approach to discovery in this case, Farrakhan filed a motion for review of the December 21, 2005 order under Federal Rule of Civil Procedure 72. Farrakhan then sought to strike the plaintiffs' response to the Rule 72 objec-

tion, to quash the deposition ordered by this court, and to have the December 21, 2005 order "clarified." Each of these requests came in the form of a separate motion, requiring additional briefing by the plaintiffs. The district court ultimately rejected Farrakhan's Rule 72 motion on April 24, 2006.

On June 7, 2006, the plaintiffs filed their affidavit of attorneys fees and costs pursuant to the December 21, 2005 order. Farrakhan objects.

## Discussion

As a preliminary matter, Farrakhan's failure to object to the timeliness of the motion for attorney fees constitutes waiver on that point. See *Nash v. Litscher*, 50 Fed. Appx. 317, 319 (7th Cir. 2002).

Farrakhan argues that the December 21, 2005 order did not contemplate work by plaintiffs' counsel in responding to Farrakhan's subsequent motions. Federal Rule of Civil Procedure 37(a)(4) operates on the principal that "the loser pays." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (*quoting* Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* §2288, at 787 (1970)). Consistent with this principal, "[f]ee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries . . . without regard to the merits of the claims." *Rickels*, 33 F.3d at 787. In sum, Rule 37 "is a fee-shifting rule, and . . . the victor therefore is entitled to

2

recover fees on appeal" of an order imposing discovery sanctions. See **Garbie v. DaimlerChrysler Corporation**, 211 F.3d 407, 411 (7th Cir. 2000). See also **Rickels**, 33 F.3d at 786-87.

Throughout the course of this litigation, Farrakhan sought reconsideration, review, or clarification of discovery orders, attempted to block his deposition even after it had been ordered several times, and filed numerous motions related to the timing and scope of discovery. His litigation strategy on the motion to compel answers to discovery deposition questions, which was the subject of the December 21, 2005 Order, has been no different. With each filing, Farrakhan has tipped the scales such that the burden in defending this court's discovery ruling and award of sanctions now weighs more heavily with the plaintiffs. To deny the plaintiffs' recovery of fees under these circumstances is contrary to the mandates of Rule 37. See **Garbie,** 211 F.3d at 411.

However, several entries must be excluded from the plaintiffs' request for attorney fees. Paragraphs 3, 4, and 6 relate to the plaintiffs' first Motion for Ruling on All Outstanding Discovery Matters which was a superfluous motion not recognized by the Federal Rules of Civil Procedure and unrelated to the December 21, 2005 order. Likewise, the entirety of paragraph 8, as well as portions of paragraphs 5 and 7, relate to the plaintiffs' second motion for ruling on outstanding discovery and cannot be considered. Accordingly, the court omits paragraphs 3, 4, 6, and 8 from the plaintiffs' calculation of fees, reduces paragraph 5 to .33 of an hour (representing 1/3 of that entry),

3

and reduces paragraph 7 to .25 of an hour (representing   of that entry).  In addition, paragraph 16 must be excluded.  By failing to respond to Farrakhan's objection, the plaintiffs concede Farrakhan's position that this time entry is unrelated to the December 21, 2005 Order.

Finally, Farrakhan asks that a reasonable fee be established for paragraphs 21 and 22.  Paragraph 21 calculates the time plaintiffs' counsel spent reviewing Farrakhan's motion for clarification of the December 21, 2005 order and motion to quash his deposition. The court finds that 1.25 hours reviewing these motions, both of which were related to the December 21, 2005 order, is reasonable.  However, the court will reduce the time calculation in paragraph 21 to .75 of an hour.  Review of a one-page court order, a letter regarding the continuance of Farrakhan's deposition, and two phone calls regarding that continuance would not reasonably consume 1  hours.

In sum, the court will reduce the time calculation from 20.75 hours to 16.33 hours at $235 per hour, equaling $3837.55. Inclusive of the $215.10 in expenses, the total sanctions awarded are $4052.65. The court further notes that the plaintiffs are entitled to attorney fees for time spent responding to any appeal of this order that Farrakhan may take under Rule 72. *See **Garbie,*** 211 F.3d at 411.

_____

For the foregoing reasons, the Request for Attorney's Fees and Expenses Pursuant to Court Order of December 21, 2005, filed

by the plaintiffs, Charles and Gladys Peterson on June 7, 2006, is **GRANTED IN PART** and **DENIED IN PART**.  The defendant, Luis Farrakhan, is **ORDERED** to pay the plaintiffs in the amount of $4052.65 within ten (10) days of the date of this order.

ENTERED this 14th day of July, 2006

                                                s/ ANDREW P. RODOVICH
                                                   United States Magistrate Judge