## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| GLADYS PETERSON and<br>CHARLES PETERSON,<br><br>                Plaintiffs,<br><br>vs.<br><br>NASIR H. FARRAKHAN,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 2:03 CV 319<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR PROCEEDINGS SUPPLEMENTAL TO ENFORCE
JUDGMENT PURSUANT TO FED. R. CIV. P. 69(a) AND IND. TRIAL P. R. 69.**

The plaintiffs, Charles and Gladys Peterson, by counsel, move this Court pursuant to Federal Rule of Civil Procedure 69(a), Ind. Code 34-55-8-5, Ind. Code 34-55-8-7, and Indiana Rule of Trial Procedure Rule 69 to commence proceedings supplemental to execution, to add The Nation of Islam as a party in these proceedings, for discovery to aid in execution, for a writ of execution, and for such additional, appropriate relief as the Court deems just. In support of this motion the Plaintiffs state as follows:

1.     Plaintiffs own an unpaid judgment which they obtained in this Court in their favor and against defendant Nasir Farrakhan on October 12, 2006, for punitive damages in the amount of $350,000.00 for Gladys Peterson and Charles Peterson.  Fed. R. Civ. Proc. 69 provides that proceedings to enforce a judgment for the payment of money shall be a writ of execution, which shall be in accordance with the procedure of the State in which the district court is held.

2.     Plaintiffs have no cause to believe that execution against Nasir Farrakhan will satisfy the

judgment, but have tendered interrogatories to him, pursuant to Fed. R. Civ. Proc 69, to discover whatever assets he has which can be executed on.

3.    Based on Nasir Farrkahan's answers to interrogatories, and his recent testimony during proceedings supplemental, Plaintiffs believe that Nasir Farrakhan was employed by the Nation of Islam, and may have assets, income, profits, and other non-exempt property due or to become due, that can be applied to the satisfaction of the judgment.

4.    Pursuant to Ind. Code 34-55-8-5, and Ind. Code 34-55-8-7, this court may order any property, income, or profits of the judgment debtor not exempt from execution or process, in the hands either of the judgment debtor or of any other person; or any debt due to the judgment debtor; to be applied to the satisfaction of the judgment and forbid transfers of property.

5.    In addition Ind. Code 34-55-8-7 provides that:

(b) The judge may order that: (1) the judgment or execution is a continuing lien upon the income or profits of the judgment debtor in the hands either of the judgment debtor or any other person, governmental officer, or corporation ...

**WHEREFORE**, Plaintiffs, by counsel respectfully request that the Court grant the following relief:

A.    That the Court issue summons and an order requiring The Nation of Islam to appear before the Court for a hearing on the instant motion at a time to be designated by the Court and to answer as to any non-exempt property which can be applied to the satisfaction of the judgment, and requiring The Nation of Islam to submit to all discovery provided for by the Federal Rules of Civil Procedure and Indiana law, including depositions and interrogatories;

B.      That the Court further order The Nation of Islam to answer the attached

interrogatories (Exhibit A) for the purpose of discovering the assets, income,

property to become due, and other non-exempt property of Nasir Farrakhan

that can be applied to the satisfaction of the judgment;

C.      That the Court, after a hearing at the time designated by the Court, issue

appropriate orders to apply the judgment debtor's property toward the

satisfaction of the judgment pursuant to federal and Indiana law; including

ordering that the judgment or execution is a continuing lien upon the income

or profits of the judgment debtor and;

D.      That the Court grant all other appropriate relief.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: _____/s/ David D. Jensen_____
            One of the attorneys for the Plaintiffs,
            Gladys Peterson and Charles Peterson

David C. Jensen, #4893-45
Kirk D. Bagrowski, #23495-53
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, Indiana 46325

Michael W. Back
Attorney at Law
One Professional Center, Suite 204
2110 North Main Street
Crown Point, IN 46307

## <u>CERTIFICATE OF SERVICE</u>

I, David C. Jensen, hereby certify that on the 30th day of October, 2007, true and correct

copies of the foregoing motion for proceeding supplemental was served upon:

Abdul A. Muhammad Sr.
7351 S. Stony Island Ave.
Chicago, Illinois  60649

Christopher J. Grabarek
SPANGLER JENNINGS & DOUGHERTY PC
150 Lincolnway, Suite 3001
Valparaiso, Indiana  46383

Kevin G. Kerr
Robert J. Dignam
HOEPPNER WAGNER & EVANS, LLP
103 East Lincolnway
P.O. Box 2357
Valparaiso, IN 46384

Melissa J. Wray
SPANGLER JENNINGS & DOUGHERTY PC
8396 Mississippi Street
Merrillville, Indiana  46410

Gary W. Bippus
Office of the Attorney General
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, Indiana 46204

by email via the Case Management / Electronic Case Filing (CM / ECF) system maintained by

the United States District Court for the Northern District of Indiana.

/s/ David C. Jensen

David C. Jensen (#4893-45)

**EICHHORN & EICHHORN, LLP**
ATTORNEYS AT LAW
200 Russell Street
P.O. Box 6328
Hammond, Indiana  46325
Tel. (219) 931-0560