```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

GLADYS PETERSON, CHARLES            )
PETERSON,                           )
                                    )
            Plaintiffs              )
                                    )
       v.                           )   Case No. 2:03 cv 319
                                    )
NASIR H. FARRAKHAN,                 )
                                    )
            Defendant               )
                                    )
       and                          )
                                    )
LOUIS FARRAKHAN and NATION OF       )
ISLAM,                              )
                                    )
            Garnishee Defendants    )

## OPINION AND ORDER

This matter is before the court on the Combined Motion to Set Aside or Vacate the Court's Order of December 11, 2007 For Insufficiency of Evidence, to Dismiss Supplemental Proceedings for Lack of Subject Matter and Personal Jurisdiction, to Quash the Deposition and Strike Interrogatories and Request for Production and Grant a Protective Order filed by the garnishee defendants, Louis Farrakhan and the Nation of Islam[1], on January 30, 2008. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### Background

On May 10, 2003, the defendant, Nasir Farrakhan, driving his

---

[1] In their motion the defendants note that the correct name of the organization, an Illinois not-for-profit religious organization, is Muhammad's Holy Temple of Islam, Inc.

father's vehicle without his father's knowledge and without a license, was involved in a collision with the plaintiffs, Gladys and Charles Peterson. Following a jury trial, judgment was entered in favor of the plaintiffs for compensatory damages of $464,399.17 and punitive damages of $350,000. Judgment for the compensatory damages was satisfied by the insurance company, and the jury's award of punitive damages was upheld. (Opinion and Order, July 9, 2007, DE 245)

At a deposition prior to trial and at a proceeding supplemental hearing on September 27, 2007, in response to inquiries regarding his income, Nasir Farrakhan described his receipt of charity from his father in return for "looking after [his] father" and serving as the "head of security" for his father. In addition, a security guard who served at the Farrakhan residence in New Buffalo, Michigan, indicated that Nasir Farrakhan was his supervisor and that he also received bi-weekly charity in return for his service as a security guard.

Following the proceeding supplemental hearing, the plaintiffs moved for additional proceedings supplemental with respect to Louis Farrakhan and the Nation of Islam. In support, the plaintiffs alleged that Nasir Farrakhan's testimony demonstrated that he was employed by Louis Farrakhan and the Nation of Islam and that they may have assets that can be applied to the satisfaction of the remaining punitive damage judgment. The plaintiffs sought an order requiring Louis Farrakhan and the Nation of Islam to submit to a hearing before the court, a deposition, and

2

interrogatories. The plaintiffs also sought, after this hearing, an order applying Nasir Farrakhan's assets held by Louis Farrakhan or the Nation of Islam to the judgment.

## Discussion

The Nation of Islam and Louis Farrakhan (the defendants) seek to vacate this court's order setting the hearing on four grounds. They argue that the motion was not verified or accompanied by an affidavit which deprives the court of subject matter jurisdiction; that there is no evidence of an employment relationship between Nasir and the Nation; that the court lacks personal jurisdiction over the defendants; and that the motion seeks information beyond the scope of discovery.

The defendants first argue that there is no evidence of an employment relationship between Nasir Farrakhan and Louis Farrakhan or the Nation of Islam. However, the testimony of Nasir Farrakhan includes multiple references that link his receipt of charity with his provision of service, at times referring to himself as the head of security. Though it has yet to be determined what the accurate legal characterization of the relationship is, the possibility of an employment relationship is not foreclosed. *See* ***Dague v. Fort Wayne Newspapers, Inc.***, 647 N.E.2d 1138, 1142 (Ind. App. 1995) (*citing* ***Furr v. Review Board of Indiana Employment Security Division***, 482 N.E.2d 790, 793-94 (Ind. App. 1985) ("Though the belief of the parties as to the nature of their relationship is relevant, it is not determinative."). *See also* Restatement (*Second*) of Agency, §220.

3

Further, in support of a proceeding supplemental, there is no requirement that the plaintiffs provide more than a threshold showing that the allegation is colorable prior to the hearing or discovery. *See e.g., Sabol v. Brooks*, 469 F.Supp.2d 324, 328 (D. Md. 2006); *Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 9 (D.D.C. 2006); *Blaw Knox Corporation v. AMR Industries*, 130 F.R.D. 400, 403 (E.D. Wis. 1990) ("This court believes that a judgment creditor must make a threshold showing of necessity and relevance when attempting to obtain discovery of a non-judgment debtor pursuant to Rule 69(a)."). Accordingly, sufficient evidence exists of an employment relationship to permit the examination in a supplemental proceeding. For the same reason, this inquiry also is within the broadly defined scope of relevancy in discovery provided for under the federal rules. *See Sanyo Laser Products Inc. v. Arista Records, Inc.,* 214 F.R.D. 496, 499 (S.D. Ind. 2003) ("The Federal Rules of Civil Procedure contemplate liberal discovery, and 'relevancy' under Rule 26 is extremely broad.") (internal citation omitted).

The defendants also challenge the proceedings based upon the plaintiffs' failure to initiate the proceedings by verified motion. Federal Rule of Civil Procedure 69(a)(1) provides:

> The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The rule next states that

> in aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.
>
> Rule 69(a)(2)

See e.g. *Falicia*, 235 F.R.D. at 7; *Travelers Indemnity Company of Illinois v. Hash Management, Inc.*, 173 F.R.D. 150, 153 (M.D. N.C. 1997).

Indiana Trial Rule 69, applicable to this matter by virtue of section Federal Rule 69(a)(1) provides:

> Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:
>
>> (1) that the plaintiff owns the described judgment against the defendant;
>>
>> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>>
>> (3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>>
>> (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

5

*See also* **Rose v. Mercantile National Bank of Hammond**, 868 N.E.2d 772, 775 (Ind. 2007).

Federal Rule 69(a) regards both the use of the state procedure for the process of executing the judgment and the use of the federal rules to obtain discovery related to collecting the judgment. *See* **Fuddruckers, Inc. v. KCOB I, LLC**, 31 F.Supp.2d 1274, 1277-78 (D. Kansas 1998)(*citing* **Blaw Knox Corp.**, 130 F.R.D. at 402 ("The confusion may be alleviated, however, if the two seemingly inconsistent provisions are seen as dealing with separate subjects; the second sentence of Rule 69(a) pertains only to execution *procedures* available to creditors, while the last sentence of Rule 69(a) relates only to post judgment *discovery*.").

The plaintiffs have attempted to side step the requirement that this procedure be initiated with a verified motion, pursuant to the Indiana rule, by ignoring this distinction. For instance, the plaintiffs suggest they seek only discovery. ("The Petersons are simply seeking discovery of the wages and monies due Nasir Farrakhan from Louis Farrakhan and the Nation of Islam."). (Plaintiffs' Response, p. 4) The plaintiffs go on to state that, only after discovery will they seek a lien upon certain property held by the alleged garnishee defendants. (Pltfs. Resp, p. 4)

These statements are belied by the plaintiffs' motion. In their motion, labeled a motion made pursuant to Indiana Trial Rule 69, the plaintiffs sought a hearing before the court "to

6

answer as to any non-exempt property which can be applied to the satisfaction of the judgment *and* . . . to submit to all discovery provided for by the Federal Rules of Civil Procedure." (emphasis added) (Plaintiffs' Motion For Proceedings Supplemental, p. 2)

Arguing that they seek only discovery, the plaintiffs further state that only after questioning Louis Farrakhan and the Nation of Islam will they "ask the court to attach a lien to certain property." This suggestion also straddles the line between initiating a procedure to execute the judgment and merely seeking discovery. *See* **Bowyer Excavating, Inc. v. Commissioner, Indiana Dept. of Environmental Management** 671 N.E.2d 180, 186 (Ind. App. 1996) (*citing* **Radiotelephone Co. v. Ford**, 531 N.E.2d 238, 243 (Ind. App. 1988) ("During a garnishee proceeding in proceedings supplemental, the creditor acquires an 'equitable lien' on funds owed by a third party to the judgment debtor from the time the third party receives service of process in the proceedings supplemental."); **Diss v. Agri Business International, Inc.**, 670 N.E.2d 97, 100 (Ind. App. 1996). The motion filed by the plaintiff sought, in language largely tracking the Indiana rule, this court's order directing the garnishees to appear at a proceeding supplemental hearing *in addition to* discovery provided by the federal rules. Consequently, if this motion were properly served, a lien already has been created.

Consequently, in order to conduct proceedings which reach beyond discovery, give rise to a lien, and entail this court's involvement, the plaintiffs were required to comply with Indiana

7

Trial Rule 69. This rule requires that the proceeding be initiated by verified motion or affidavit. *Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. App. 2006). The plaintiffs acknowledge that they have not complied with this requirement and first argue that their requests were for mere discovery. If so, as noted, they may pursue this discovery without the need of a hearing or a court order.

However, the plaintiffs also argue that the "onerous" standard created by Federal Rule of Civil Procedure 11, which requires an attorney to "affirm that the motion is not being presented for an improper purpose, is warranted by existing law, and has or will have evidentiary support," is the equivalent to a "verified motion" according to Indiana law.  Indiana Trial Rule 11(b) defines verification as an oath or affirmation made under the penalties for perjury. The Indiana rule clarifies that "any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit." The plaintiffs provide no support for merging the federal and state requirements. In fact, the standards described under Rule 11 do not rise to the level of verification required by the Indiana rule. *Smith v. King*, 716 N.E.2d 963, 966 (Ind. App. 1999) ("The essential purpose of a verification is that the statements be made under penalty of perjury.").

The plaintiffs finally argue that, in some instances, unverified pleadings are acceptable. The plaintiffs' reliance on

8

*Crumpacker v. Crumpacker*, 535 F.Supp. 523 (N.D. Ind. 1982), in which the court concluded that, based on a prior order determining the parties' interest in land, the plaintiff was not seeking to garnish wages but was "seeking payment of their own money," is not analogous to this matter. Here, the plaintiffs' argument is that the Nation and Louis Farrakhan employ Nasir Farrakhan, and they seek to garnish his wages. Nothing about these circumstances suggests that they fall outside the verification requirement.

The defendants also argue that the court is without personal jurisdiction over Louis Farrakhan and the Nation of Islam. The plaintiffs again respond that they seek mere discovery, and consequently argue that no requirement of personal jurisdiction is implicated. Instead, discovery upon a third party is gauged by the federal discovery rules. This much is accurate. However, as already discussed, beyond discovery, the plaintiffs have attempted to initiate proceedings supplemental as provided for by Indiana Trial Rule 69.

There can be no doubt that jurisdiction over the garnishee is required. *See Harris v. Balk*, 198 U.S. 215, 222, 25 S.Ct. 625, 626, 49 L.Ed. 1023 (1905)("Power over the person of the garnishee confers jurisdiction of the courts of the state where the writ issues."); *Shaffer v. Heitner*, 433 U.S. 186, 200 n.18, 97 S.Ct. 2569, 2578 n.18, 53 L.Ed.2d 683 (1977); *Bowmar Instrument Corp. v. Maag*, 442 N.E.2d 729, 731 (Ind. App. 1982) ("Here, although IC 31-1-11.5-13 grants the court authority to require an employer to accept a wage assignment, the separate and distinct interests of

9

such an employer require that it be properly subjected to personal jurisdiction before the court may exercise its authority vis-a-vis the employer."). In light of their assertion that they seek only discovery, the plaintiffs do not address the court's exercise of personal jurisdiction over Louis Farrakhan or the Nation of Islam. In addition, the fact that Louis Farrakhan was not subject to the court's jurisdiction as a party defendant in this matter is a separate question from the assertion of personal jurisdiction over him as a garnishee. See *James v. Rutil*, No. IP 95-530-C-B/S, 1997 WL 151174 (S.D. Ind. March 14, 1997) (denying the exercise of personal jurisdiction over defendant but exercising jurisdiction over the same defendant "as a garnishee defendant."). In the meantime, the plaintiffs have offered no argument that the exercise of either general or specific jurisdiction over Louis Farrakhan or the Nation of Islam is proper.  Absent evidence of what contacts, if any, Louis Farrakhan and the Nation have with Indiana, the court declines to determine whether either defendant is subject to garnishment proceedings.

Accordingly, to the extent Louis Farrakhan and the Nation of Islam seek to vacate the proceeding supplemental hearing, the motion is **GRANTED**.  To the extent that the defendants seek a protective order to avoid responding to discovery, the motion is **DENIED**.

ENTERED this 5th day of March, 2008

                         s/ ANDREW P. RODOVICH
                           United States Magistrate Judge

11