```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


GLADYS PETERSON, CHARLES      )
PETERSON,                     )
                              )
          Plaintiffs          )
                              )
     v.                       )   Case No. 2:03 cv 319
                              )
NASIR H. FARRAKHAN,           )
                              )
          Defendant           )
                              )
     and                      )
                              )
LOUIS FARRAKHAN and NATION OF )
ISLAM,                        )
                              )
     Garnishee Defendants     )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 285] filed by the plaintiffs, Gladys and Charles Peterson, on December 12, 2008. For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE.**

Background

On May 10, 2003, the defendant, Nasir Farrakhan, driving his father's vehicle without his father's knowledge and without a license, was involved in a collision with the plaintiffs, Gladys and Charles Peterson ("the Petersons"). Following a jury trial, judgment was entered in favor of the plaintiffs for compensatory damages in the amount of $464,399.17 and punitive damages in the amount of $350,000. Judgment for the compensatory damages was satisfied by the insurance company, and the jury's award of

punitive damages was upheld.  (Opinion and Order, July 9, 2007, DE 245)

At a deposition prior to trial and at a proceeding supplemental hearing on September 27, 2007, in response to inquiries regarding his income, Farrakhan described his receipt of "charity" from his father in return for "looking after [his] father" and serving as "head of security" for the ministry.  In addition, a security guard who served at the Farrakhan residence in New Buffalo, Michigan, indicated that Nasir was his supervisor and that he also received bi-weekly "charity" in return for his service as a security guard.

Following the proceeding supplemental hearing, the plaintiffs moved for additional proceedings supplemental with respect to Louis Farrakhan, the father of Nasir, and the Nation of Islam,[1] claiming that Nasir's testimony indicated that he was employed by Louis Farrakhan and the Nation of Islam and that they may have assets that could be applied to the outstanding punitive damages.  This request was granted on December 11, 2007, naming Louis Farrakhan and the Nation of Islam Garnishee-Defendants.  Additionally, the court ordered Louis Farrakhan and the Nation of Islam to appear for proceedings supplemental and ordered them to answer interrogatories and requests for production propounded by the Petersons.  After the hearing, the plaintiffs also sought an

---

[1] Third parties Louis Farrakhan and the Nation of Islam refer to the Nation of Islam as Muhammad's Holy Temple, Inc.

order applying any assets of Nasir held by Louis Farrakhan or the Nation of Islam to the judgment.

Louis Farrakhan and the Nation of Islam moved to vacate the proceedings supplemental and sought a protective order from discovery. This court found that the Petersons had not shown that this court had personal jurisdiction over Louis Farrakhan and the Nation of Islam. Additionally, this court found that the information sought was relevant to the execution on the judgment but did not determine whether Louis Farrakhan and Nation of Islam were subject to garnishment proceedings. Rather, if the Petersons' requests were for mere discovery, the order advised, "[T]hey may pursue this discovery without the need of a hearing or court order." Accordingly, on March 5, 2008, the proceedings supplemental hearing was vacated due to a lack of jurisdiction but the motion for a protective order was denied.

After this order, counsel for the Petersons attempted to set a date and time to confer with counsel for Louis Farrakhan and the Nation of Islam concerning the requested discovery. Each attempt to confer was unsuccessful. Subsequently, the Petersons filed Plaintiff's Motion to Compel on December 12, 2008.

## Discussion

The Petersons ask this court to compel discovery in aid of the judgment they obtained against Nasir. Federal Rule of Civil Procedure 69(a) discusses a judgment creditor's motion to compel nonparties:

> (1) A money judgment is enforced by a writ of execution, unless the court directs other-

> wise. The procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from *any person* - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located. (emphasis added).

As the Opinion of March 5, 2008, indicated, these provisions deal with separate subjects: "Federal Rule 69(a) regards both the use of the state procedure for the process of executing the judgment and the use of the federal rules to obtain discovery related to collecting the judgment." (DE 284 at 6) (*citing* **Fuddruckers, Inc. v. KCOB I, LLC,** 31 F.Supp.2d 1274, 1277-78 (D. Kansas 1998)). Although the provisions may seem inconsistent, any "confusion may be alleviated . . . if the two seemingly inconsistent provisions are seen as dealing with separate subjects; the second sentence of Rule 69(a) pertains only to execution." **Blaw Knox Corp. v. AMR Industries**, 130 F.R.D. 400, 402 (E.D. Wis. 1990).

The federal rules of discovery are liberally construed to effectuate their given purposes. **Spier v. Home Insurance Co.**, 404 F.2d 896 (7th Cir. 1968); 8 Charles A. Wright &, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §2001, at 44 (2d ed. 1994). This approach "applies with equal force whether the information is sought in pre-trial or in a post-judgment proceeding." **United States v. McWhirter**, 376 F.2d

4

102, 106 (5th Cir. 1967). Accordingly, the scope of discovery under Rule 69(a) "is broad, permitting a judgment creditor to obtain discovery not only of the debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets." **O.H.M Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.**, 1991 WL 146234, *2 (N.D. Ind. July 24, 2001) (collecting cases). See also **British International Insurance Company v. Seguros la Republica, S.A.**, 200 F.R.D. 586, 589 (W.D. Tex. 2000) (post-judgment discovery is broad in scope and its purpose is to uncover "information relevant to the existence or transfer of the judgment debtor's assets")(citations omitted); **Caisson Corp. v. County West Building Corp.**, 62 F.R.D. 331, 334 (E.D. Pa. 1974)(judgment creditors are permitted a broad inquiry in order to discover assets that may be hidden or concealed by the judgment debtor); **United States v. Neumann**, 1999 WL 156151, *1 (D. Mass. March 5, 1999) (*quoting* **Credit Lyonnais, S.A. v. SGC International, Inc.**, 160 F.3d 428, 431 (8th Cir. 1998))("'[T]he presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce its judgment' particularly where the relationship between the debtor and a third party 'is sufficient to raise a reasonable doubt about the bona fides of [any] transfer of assets between them.'").

Rule 69, on its face, "expressly authorizes discovery from 'any person,' not merely the judgment debtor." *British International Insurance*, 200 F.R.D. at 589. Additionally, the judgment creditor may use the full range of discovery devices outlined in the Federal Rules of Civil Procedure. *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 n.1 (S.D.N.Y. 1977) (citations omitted); *Consolidated Freightways Corp. of Delaware v. Kresser Motor*, 1995 WL 683587, *1 (N.D. Ill. Nov. 16, 1995)("post-judgment discovery proceeds according to the federal rules governing pre-trial discovery"). However, the use of the discovery devices is subject to the separate requirements of the federal rules of discovery. 13 *Moore's Federal Practice - Civil* §69.04 (2009) (*citing El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971)).

Louis Farrakhan and the Nation of Islam make two arguments against this court ordering them to produce discovery post-judgment: 1) this court's order terminated the discovery when it vacated the proceedings supplemental for lack of jurisdiction; and 2) interrogatories and requests for production cannot be served on them as nonparties in this particular proceeding. Additionally, Louis Farrakhan and the Nation of Islam seek sanctions against the Petersons.

With respect to the first argument, the opinion and order of March 5, 2008, vacated the proceedings supplemental hearing as it applied to Louis Farrakhan and the Nation of Islam, but it explicitly denied the motion for a protective order from discovery

requested by Louis Farrakhan and the Nation of Islam. The plaintiff's motion to compel suffers from the same deficiency - no showing of this court's jurisdiction - as the proceedings supplemental previously involving these parties. There must be jurisdiction over the nonparty.

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party to seek an order compelling another to comply with discovery requests. The rule reads, in relevant part:

> (B) A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> * * *
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

There is an implicit requirement in the rule that the court have jurisdiction over the target of the discovery. *Bueker v. Atchison, Topeka and Santa Fe Railway Company*, 175 F.R.D. 291, 292 (N.D. Ill. 1997). When the target of the discovery is a nonparty to the litigation, "the proper procedure for obtaining the jurisdiction necessary . . . is the issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45." *Id.* (citations omitted) (referring to a motion to compel attendance of a nonparty at a deposition). *See, e.g. G-Fours, Inc. v. Miele*, 496 F.2d 809 (2nd Cir. 1974) (holding nonparty wife of judgment debtor in contempt for failure to respond to informational subpoenas

7

and written interrogatories); ***British International Insurance Company v. Seguros la Republica, S.A.***, 200 F.R.D. 586 (W.D. Tex. 2000) (subpoena *duces tecum* issued against a nonparty bank for production of documents relating to judgment debtor's accounts) ***Trustees of North Florida Operating Engineers Health and Welfare Fund v. Lane Crane Service, Inc.***, 148 F.R.D. 662 (M.D. Fla. 1993) (motion for protective order from a subpoena *duces tecum* issued to nonparty after showing of an alter ego relationship with the judgment debtor); ***United States v. Neumann***, 1999 WL 156151 (D. Mass. March 5, 1999) (government was entitled to a motion to compel enforcement of subpoena as against judgment debtor's husband-employer). Thus, the Petersons can exercise personal jurisdiction over a nonparty, they must issue a subpoena for discovery.

Secondly, Louis Farrakhan and Nation of Islam argue that the Petersons' interrogatories and requests for production cannot be served on them as nonparties to the proceeding. Federal Rule of Civil Procedure 33(a) states, in relevant part: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Likewise, Federal Rule of Civil Procedure 34(a) states, in relevant part: "A party may serve on any other party a request within the scope of Rule 26(b). . . ." The plain language of the rules refer only to parties to the present litigation.

Louis Farrakhan and Nation of Islam cite numerous cases indicating that interrogatories and requests for production can be served only on parties to the litigation in the pretrial context but have not cited any cases involving the post-judgment context. Likewise, the Petersons do not point this court to any authority applying Rules 33 and 34 in the post-judgment context. Therefore, this court declines to determine whether interrogatories and requests for production can be served on a nonparty post-judgment pursuant to Rule 69, but only notes that Rule 45 subpoenas circumvent the problem.

Finally, Louis Farrakhan and Nation of Islam ask this court for discovery sanctions against the Petersons for seeking a motion to compel without first propounding proper discovery requests. Although a district court has discretion to impose discovery sanctions, such power is not unfettered. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). "Discovery sanctions may only be imposed where a party displays willfulness, bad faith, or fault." *American National Bank and Trust Co. of Chicago v. Equitable Life Assurance Society of the United States*, 406 F.3d 867 at 877-78 (7th Cir. 2005)(*quoting* *Langley v. Union Electric Co.*, 107 F3d 510, 514 (7th Cir. 1997)).

Here, the Petersons appear to have acted under the assumption that this court's order of March 5, 2008, did not vacate the discovery associated with the proceedings supplemental. This belief was strengthened by the language of Rule 69 allowing for discovery from any person. Also, the Petersons sought to confer

with Louis Farrakhan and the Nation of Islam to no avail.  In sum, this court does not find that the Petersons displayed willfulness, bad faith, or fault in the proceeding.  The legal questions of which discovery method allows the court jurisdiction over the nonparty and the reach of Rule 69 over discovery are debatable issues, and the Petersons displayed substantial justification for the belief that their chosen discovery method would succeed.  As such, the court will not award discovery sanctions.

_____

For the foregoing reasons, the Motion to Compel [DE 285] filed by the plaintiffs, Gladys and Charles Peterson, on December 12, 2008, is **DENIED WITHOUT PREJUDICE.**

ENTERED this 2nd day of June, 2009

s/ ANDREW P. RODOVICH
United States Magistrate Judge